United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN GURASICH, | No. C-14-02911 DMR |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [DOCKET NO. 18]** |
| v. | |
| IBM RETIREMENT PLAN, ET AL., | |
| Defendant(s). | |

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants IBM Retirement Plan (the "Plan") and International Business Machines Corporation ("IBM"). [Docket No. 18.] The court determines that the matter is appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the motion is **granted in part and denied in part.**

## I. BACKGROUND

The Complaint [Docket No. 1] contains the following allegations.[1] The Plan is a "defined benefit plan" within the meaning of the Employment Retirement Income Security Act ("ERISA") §

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

3(35), 29 U.S.C. § 1002(5). IBM is the "administrator" and "plan sponsor" of the Plan within the meaning of ERISA §§ 3(16)-(17), 29 U.S.C. § 1002(16)-(17). Compl. at ¶¶ 2-3.

Plaintiff Joan Gurasich began working for ROLM Corporation on January 24, 1980. In 1984, IBM acquired ROLM, which then became a division of IBM. As a result of the acquisition, Plaintiff became a "participant" in the Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7). Plaintiff continues to participate in the Plan today. Compl. at ¶¶ 9-11.

In or around 1989, half of IBM's ROLM division was sold to Siemens AG and called "ROLM Systems"; the other half became a joint venture of IBM and Siemens AG and was called "ROLM Company." Plaintiff continued to work for IBM until she voluntarily resigned on February 15, 1990. On February 19, 1990, Plaintiff began working for Siemens PN. In or around May 1992, Siemens AG acquired IBM's share of ROLM Company. Compl. at ¶¶ 13-14, 17, 22.

From the 1990s until October 2013, IBM sent notices to Plaintiff confirming her participation in the Plan and entitlement to benefits under the Plan. The notices also set forth the amount of her vested pension benefits. On March 12, 2013, Plaintiff notified IBM that she had retired, and subsequently applied to begin receiving pension benefits under the Plan. However, on July 10, 2013, Plaintiff called the IBM Employee Services Center and was told that she was not eligible to receive a pension from the Plan. Compl. at ¶¶ 26-33. On October 1, 2013, Plaintiff received a denial letter from IBM in which IBM claimed that Plaintiff's retirement benefits had been transferred to ROLM pursuant to an agreement between IBM and ROLM. Compl. at ¶ 36.

Plaintiff appealed the denial. She made several requests for a copy of the agreement referenced in the denial letter, but IBM never produced it and then later claimed that it did not rely upon it to deny her claim. Despite Plaintiff's appeal, Defendants upheld the denial of her claim. Compl. at ¶¶ 40-41, 43-51, 53.

Plaintiff then brought this lawsuit, asserting four causes of action: (1) recovery of plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), against all Defendants; (2) breach of fiduciary duty in violation of 29 U.S.C. § 1104, against IBM; (3) equitable relief pursuant to 29 U.S.C. § 1132(a)(3), against all Defendants; and (4) failure to provide requested Plan Information in violation of 29 U.S.C. § 1132(c), against all Defendants.

## II.  LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). A court may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

The Federal Rules of Civil Procedure expressly permit alternate pleading: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). "If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Id.* "Inconsistent pleading" is also expressly permitted. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). "[A] pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1149 (9th Cir. 2007) (quoting *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985)). A district court should examine the sufficiency of each claim independent of the other claims. *Molsbergen*, 757 F.2d at 1018-19 (holding that district court erred by construing one cause of action as an admission against another because "the district court should have examined counts one and two of appellant's complaint independently").

Federal Rule of Civil Procedure 15(a) establishes that leave to amend "shall be freely given when justice so requires." However, "[w]hen a proposed amendment would be futile, there is no

3

need to prolong the litigation by permitting further amendment." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

## III. DISCUSSION

Defendants move to dismiss the second and third causes of action (for breach of fiduciary duty and equitable relief) because, according to Defendants, they are precluded by Plaintiff's first cause of action (for recovery of plan benefits). Defendants assert that if a plaintiff brings a cause of action for recovery of plan benefits under Section 1132(a)(1)(B), then she is barred from pursuing claims under Section 1132(a)(3). For this position, Defendants rely on the Supreme Court's decision in *Varity Corp. v. Howe,* 516 U.S. 489 (1996), and three subsequent Ninth Circuit cases, namely, *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012), *Ford v. MCI Commc'ns Corp. Health and Welfare Plan,* 399 F.3d 1076 (9th Cir. 2005) *overruled on other grounds by Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011), and *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180 (9th Cir. 2010).

### A. Case Law on Duplicative Section 1132(a)(3) Claims

Section 1132(a)(1)(B) allows a plaintiff to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Section 1132(a)(3) authorizes an individual beneficiary under an ERISA plan to bring suit against a plan administrator for equitable relief.[2] This includes requests for equitable relief for a plan administrator or sponsor's breach of fiduciary duty. *Varity*, 516 U.S. at 515 (Section 1132(a)(3) authorizes beneficiaries to bring lawsuits for "'appropriate' equitable relief" for breach of fiduciary obligations). Section 1132(a)(3) is a "catchall" provision, "which provides relief only for injuries that are not otherwise adequately provided for." *Forsyth,* 114 F.3d at 1474 (describing *Varity Corp.,* 516 U.S. at 512). Thus, the Supreme Court noted, "we should expect that where

---

[2] *See* 29 U.S.C. § 1132(a)(3) (a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan").

Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity*, 516 U.S. at 515.

This court agrees with other courts in this district that have not read *Varity* and the Ninth Circuit cases following it to require dismissal at the pleading stage of every Section 1132(a)(3) claim when the complaint also pleads a claim under Section 1132(a)(1)(B).[3] Instead, courts have dismissed Section 1132(a)(3) claims at the pleading stage only to the extent they seek relief that is duplicative of relief already sought in another cause of action. *See Wise*, 600 F.3d at 1190 (upholding dismissal at pleading stage of Section 1132(a)(3) claims seeking equitable relief in the form of removal of ERISA fiduciary and recovery of past and future damages, because they were duplicative of relief sought by plaintiff in her claims under Sections 1132(a)(1)(B) and 1132(a)(2)). *See also Caplan*, 479 F.Supp.2d at 1112-13 (dismissing Section 1132(a)(3) claim "to the extent it is duplicative of the section 1132(a)(1)(B) claim," but declining to dismiss it insofar as it seeks equitable relief that "might not be available to Plaintiff under the section 1132(a)(1)(B) claim alone"); *Brady v. United of Omaha Life Ins. Co.*, 902 F.Supp.2d 1274, 1279-1285 (N.D. Cal. 2012) (granting motion to dismiss Section 1132(a)(3) claims seeking equitable relief in the form of removal of fiduciary, recovery of past and future benefits, and attorneys' fees, because they were duplicative of forms of relief available under plaintiff's other claims). One of the cases cited by Defendants arrives at the same conclusion. *See Roque v. Roofers' Unions Welfare Trust Fund*, No.12-cv-3788, 2013 WL 2242455 at *7 (N.D. Ill. May 21, 2013) ("It bears mentioning that the aforementioned precedent does not foreclose simultaneous claims under [Section 1132(a)(1)(B)] and

---

[3] The Ninth Circuit has affirmed dismissals of Section 1132(a)(3) claims at summary judgment, but the procedural postures in those cases are not analogous to the circumstances here, where Defendants move to dismiss the Section 1132(a)(3) claims at the pleading stage. *See Forsyth,* 114 F.3d at 1475 (upholding district court determination at summary judgment that plaintiffs lacked standing to bring a claim under § 1132(a)(3) for breach of fiduciary duty because plaintiffs had "already won a judgment for damages under section 1132(a)(1) for the injuries they suffered as a result of the defendant's actions"); *Ford*, 399 F.3d at 1078 (affirming district court's dismissal of the Section 1132(a)(3) claim at summary judgment where plaintiff had also asserted claims under Sections 1132(a)(1)(B) and 1132(a)(2)). *See also Ehrman v. Standard Ins. Co.*, No. C-06-05454-MJJ, 2007 WL 1288465 at *4 (N.D. Cal. May 2, 2007) (distinguishing *Forsyth* and *Ford*); *Caplan v. CNA Short Term Disability Plan,* 479 F.Supp.2d 1108, 1112-13 (N.D. Cal. 2007) (same).

1 [Section 1132(a)(3)]. Indeed, the door remains open for an ERISA plaintiff to bring a claim under
both sections if the claims are truly distinct.  Only where [Section 1132(a)(1)(B)] provides adequate
relief is identical relief under [Section 1132(a)(3)] unavailable.") (citation omitted).

The court now examines whether the relief sought by Plaintiff in her second and third causes
of action is duplicative of relief available to her under her other causes of action.

**B. Application of Case Law to Plaintiff's Second and Third Causes of Action**

    **1. Second Cause of Action: Breach of Fiduciary Duty**

In her breach of fiduciary duty claim, Plaintiff alleges that "[i]n its management and administration of the IBM Plan, IBM, as the Plan Administrator, failed to use the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use, in violation of 29 U.S.C. §1104."[4]  Compl. at ¶ 68.  Plaintiff alleged that IBM breached its fiduciary duty to her by, among other things:

1. failing to pay benefits owed to her under the plan;
2. failing to discharge its duties with respect to the Plan and the Plan's Claim Procedures in accordance with the documents and instruments governing the Plan, in violation of Section 503 of ERISA and C.F.R. §2560.503-1;
3. failing to adhere to reasonable standards for the prompt investigation and processing of Plaintiff's claims;
4. failing to reasonably investigate Plaintiff's claim for benefits under the Plan;
5. failing to discharge its duties with respect to the Plan solely in the interests of the participants and beneficiaries as required by §404(a)(1) of ERISA;
6. failing to provide a full and fair review of the denial of Plaintiff's claim in violation of §503(2) of ERISA;
7. placing its own interests ahead of Plaintiff and the IBM Plan;
8. failing to provide Plaintiff with requested documents necessary to ensure a full and fair review on appeal; and
9. relying on an alleged agreement to deny a claim when it never read or reviewed the agreement.

Compl. at ¶ 69.  Plaintiff alleges that "[a]s a result of IBM's breach of its fiduciary duties, [Plaintiff] has not received the benefits to which she is entitled under the IBM Plan requiring her to hire legal counsel and to expend money an[d] incur unexpected costs and expenses."  Compl. at ¶ 70.  Plaintiff therefore alleges that she "is entitled to be made whole under ERISA through an Order enforcing the

---

    [4] 29 U.S.C. §1104 establishes the duties of a fiduciary to an ERISA plan.

provisions of the IBM Plan, plus accumulated interest, reasonable attorneys' fees, and such other relief as may be appropriate pursuant to 29 U.S.C. § 1132(a)(2) and (3)."[5] Compl. at ¶ 71.

To the extent that Plaintiff's breach of fiduciary duty claim seeks equitable relief under Section 1132(a)(3) for payment of past and future benefits, it is duplicative of Plaintiff's first cause of action. However, the relief Plaintiff seeks includes not only recovery of plan benefits but also other forms of equitable relief, including a declaration that Defendants have breached their fiduciary duties to Plaintiff and a make-whole remedy to compensate her for losses suffered as a result of Defendants' breach of fiduciary duties, in the form of equitable restitution. Compl. at 13-14. Under these circumstances, the court cannot conclude that the equitable relief that Plaintiff seeks under Section 1132(a)(3) for breach of fiduciary duty is entirely foreclosed. Accordingly, the court **denies** the motion to dismiss with respect to this claim.[6]

### 2. Third Cause of Action: Equitable Relief

Plaintiff's claim for equitable relief under Section 1132(a)(3) is explicitly pleaded as an alternative theory of recovery to her Section 1132(a)(1)(B) claim. Plaintiff alleges that she relied upon Defendants' promises that she would continue to receive benefits under the Plan even after her

---

[5] It is unclear whether Plaintiff actually relies on 29 U.S.C. § 1132(a)(2) in addition to 29 U.S.C. § 1132(a)(3) for relief for her claim for breach of fiduciary duty. *See* Compl. at ¶ 71. A breach of fiduciary duty against plan fiduciaries brought under 29 U.S.C. § 1132(a)(2) generally requires the plaintiff to bring an action "for the benefit of the plan and not [his or her] individual benefit." *Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1445 (9th Cir. 1995). *See also Ehrman*, 2007 WL 1288465 at *2 (dismissing breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(2) where the only allegations "that are not conclusory []confirm that the claim for breach of fiduciary duty is premised on Defendants' underpaying of benefits to individual participants in the Plan"). It appears that despite the reference to 29 U.S.C. § 1132(a)(2) in Plaintiff's breach of fiduciary duty claim, that claim relies only on 29 U.S.C. § 1132(a)(3) to provide a basis for relief, as Plaintiff does not mention 29 U.S.C. § 1132(a)(2) in her opposition brief, nor respond to Defendants' contention that Plaintiff's breach of fiduciary duty claim does not rely on 29 U.S.C. § 1132(a)(2). Accordingly, Plaintiff's claim for relief under 29 U.S.C. § 1132(a)(2) is dismissed. However, because leave to amend "shall be freely given when justice so requires," and the court cannot determine at this juncture whether amendment will be futile, the claim under 29 U.S.C. § 1132(a)(2) is **dismissed with leave to amend.**

[6] As Judge Jenkins noted in *Ehrman*, "[I]t may turn out to be the case, even if Plaintiff ultimately proves a breach of fiduciary duty, that this Court concludes it is not appropriate to provide equitable relief beyond that provided for in § 1132(a)(1)(B) under the carefully integrated civil enforcement provisions that Congress enacted in ERISA. The Court, however, saves that determination for a later stage in these proceedings upon a better record." 2007 WL1288465at *5. The same applies here.

employment terminated, and that Defendants did not provide Plaintiff with any notice of the transfer of her benefits under the Plan to another entity. Compl. at ¶¶ 73-75. "Therefore, should this Court determine that [Plaintiff] is not entitled to benefits under the IBM Plan, th[e]n she requests 'appropriate equitable relief' . . . for Defendants' misrepresentations and breach of fiduciary duties, either through: equitable surcharge (in an amount equal to Plaintiff's losses due to Defendants['s] representations and/or non-disclosures regarding the IBM Plan); equitable reformation (by rewriting and/or modifying the IBM Plan in order to permit [Plaintiff] to recover benefits); or equitable estoppel (by estopping Defendants from denying benefits)." Compl. at ¶ 77.

This claim is clearly distinct from Plaintiff's Section 1132(a)(1)(B) claim for recovery of benefits under the Plan, as it only applies in the alternative, in the event that Plaintiff is not entitled to benefits under the Plan. *See CIGNA Corp. v. Amara*, -- U.S. --, 131 S. Ct. 1866 (2011) (Section 1132(a)(1)(B) does not authorize a district court to reform an ERISA plan to conform with what plan's sponsor had promised, since it authorizes court to *enforce* but not to *alter* plan terms, but plaintiffs could bring claim under Section 1132(a)(3) for equitable relief in the form of reforming the plan). This claim therefore does not seek relief duplicative of the relief sought by Plaintiff in her first claim. Accordingly, the motion to dismiss is **denied** as to this claim as well.

## IV.  CONCLUSION

For the above reasons, the motion is **denied**, except that Plaintiff's claim for breach of fiduciary duty premised on 29 U.S.C. § 1132(a)(2) is **dismissed with leave to amend.** Any amended complaint must filed within one week of the date of this order.

IT IS SO ORDERED.

Dated:  October 27, 2014



_____
DONNA M. RYU
United States Magistrate Judge

8